2003-NMCA-116

76 P.3d 1121

**Antonio FLORES, Worker–Appellee,**

v.

**J.B. HENDERSON CONSTRUCTION and Argonaut Insurance Company, Employer/Insurer–Appellants.**

**No. 23,467.**

Court of Appeals of New Mexico.

July 18, 2003.

Benito Sanchez, Benito Sanchez, P.A. Albuquerque, NM, for Appellee.

Paul Maestas, Maestas, Rieder & Suggett, P.C. Albuquerque, NM, for Appellants.

*OPINION*

VIGIL, Judge.

{1} In this appeal we consider the narrow issue of whether the six-month periodic review right granted to employers under NMSA 1978, § 52–1–51(D) (Effective January 1, 1991) of the Workers' Compensation Act also applies to workers. The statute limits such an option to an employer after a worker redirects his health care to a health care provider (HCP) different than the one initially selected by the employer. The Workers' Compensation Judge (WCJ) granted the Worker such an option and Employer appeals. We agree with Employer that there is no compelling reason to depart from the plain, unambiguous language of the statute, and reverse.

**FACTUAL AND PROCEDURAL BACKGROUND**

{2} Worker suffered a back injury in the course and scope of his employment on September 18, 2001. Worker filed a workers' compensation complaint on November 13, 2001, seeking temporary total disability benefits, permanent partial disability benefits, medical benefits, and attorney fees. Worker made the initial selection of his HCP pursuant to NMSA 1978, § 52–1–49(B) (Effective January 1, 1991) (stating employer shall initially select HCP or permit worker to make the selection). Worker chose Ruben Ramirez, D.C. Dr. Ramirez referred Worker to Dr. George R. Swajian, who evaluated Worker on November 20, 2001. Employer then exercised its statutory right to redirect Worker to a new HCP under Section 52–1–49(C) (Effective January 1, 1991) (stating party who did not initially select the HCP may select an HCP of his choice). Employer chose Dr. Anthony P. Reeve.

{3} On December 20, 2001, the parties entered into an amended stipulated recommended resolution. It was agreed that Worker would receive temporary total disability benefits until the date of his maximum medical improvement. Worker also received medical benefits and attorney's fees. The amended stipulated recommended resolution further provided that the parties reserved all other issues, claims and defenses that might arise out of the complaint, and it was agreed that any future action would be commenced by the filing of a new complaint. A notice of completion was filed on January 10, 2002.

{4} Worker began seeing Dr. Reeve in January 2002. Dr. Reeve recommended some evaluations and treatment, including an electromyography (EMG), which had normal results. A magnetic resonance imaging (MRI) scan showed no disk herniations, and other than some lower back problems, it was essentially normal. Dr. Reeve then gave Worker physical therapy, and reported on February 20, 2002, that Worker had reached maximum medical improvement. On March 25, 2002, Dr. Reeve told Worker there was nothing more he could do for him. Worker went to see Dr. Reeve again in May 2002, demanding that Dr. Reeve refer him to another doctor. Dr. Reeve refused. Worker's attorney then asked Employer to pay for a six-month re-evaluation by Dr. Swajian, which was also refused.

{5} Worker then filed an application "seeking to enforce his right to reasonable and necessary medical treatment for his on the job accident on or about September 18, 2001." At the hearing on the application, it was determined that Worker was only seeking an examination by Dr. Swajian, and any other issues relating to his medical care could be re-addressed in the future if it became necessary to do so. Applying a "fair-is-fair rule," the WCJ granted Worker's motion. It determined that a worker should be allowed an examination by a non-HCP every six-months, even though the applicable statute expressly limits this right to employers. The WCJ's order is limited. It only authorizes a periodic examination, not a change of HCP.

**DISCUSSION**

**A. Finality**

{6} We initially consider Worker's contention that the order authorizing an examination by Dr. Swajian is not final and appealable because there are additional issues pending before the WCJ. Generally, a judgment is not final and appealable unless it practically disposes of the merits of the underlying controversy, leaving only issues collateral to and separate from that underlying controversy to be resolved. *See Kelly Inn No. 102, Inc. v. Kapnison,* 113 N.M. 231,

236–37, 824 P.2d 1033, 1038–39 (1992) (describing situations in which order practically disposes of merits of action although further proceedings remain necessary to carry order into effect); Rule 12–201(A) NMRA 2003. Although we do not have any case law addressing the specific issue of whether an order allowing a six-month examination is final and appealable, we have addressed this issue in the analogous situation of a change of HCPs in the workers' compensation context.

{7} In *City of Albuquerque v. Sanchez*, 113 N.M. 721, 724–25, 832 P.2d 412, 415–16 (Ct. App.1992), this Court held that an order denying a change of health care provider is final and appealable where no original complaint had been filed and the HCP matter was the only issue pending. In determining the practical finality of the order, *Sanchez* noted that "the judge's order fully disposed of all issues between the parties that were brought before the judge." *Id.* at 724, 832 P.2d at 415. Distinguishing *Sanchez* is *Kellewood v. BHP Minerals Int'l*, 116 N.M. 678, 866 P.2d 406 (Ct.App.1993), which considered the finality of an HCP order when a claim for benefits was also pending. In *Kellewood*, this Court concluded that such an order was not final and appealable because it was intertwined with issues relating to benefits and therefore could result in piecemeal appeals. *Id.* at 680–81, 866 P.2d at 408–09.

{8} Worker argues that the present situation is more like *Kellewood* because the amended stipulated recommended resolution reserved claims relating to disability, impairment, and medical benefits for a later resolution. However, Worker's argument overlooks the fact that this reservation contemplated that a new complaint would be filed in the event that Worker chose to pursue additional benefits in the future, and a notice of completion was filed on January 10, 2002, closing the file in the case. Worker then waited until August 7, 2002, to make the present request to improve his medical care. The WCJ specifically stated at the hearing, and in its order, the only pending issue was whether Worker could see Dr. Swajian. Accordingly, we believe that the order fully disposed of all of the issues that were before the WCJ, and is therefore final and appealable under *Sanchez*.

## B. Section 52–1–51(D). Periodic Examinations.

{9} Because we are interpreting the meaning of a statute, we apply a de novo standard of review. *Valdez v. Wal–Mart Stores, Inc.*, 1998–NMCA–030, ¶ 16, 124 N.M. 655, 954 P.2d 87. Worker made the initial selection of an HCP under NMSA 1978, § 52–1–49(B) (Effective January 1, 1991), and Employer then selected a new HCP under Section 52–1–49(C). Section 52–1–51(D) applies when an employer makes the initial selection of the HCP under Section 52–1–49(B), and the worker then selects a new HCP under Section 52–1–49(C). Section 52–1–51(D) states:

> D. If, pursuant to Subsection C of Section 52–1–49 NMSA 1978, the injured worker selects a new health care provider, the employer shall be entitled to periodic examinations of the worker by the health care provider he previously selected. Examinations may not be required more frequently than at six-month intervals; except that upon application to the workers' compensation judge having jurisdiction of the claim and after resonable [reasonable] cause therefor, examinations within six-month intervals may be ordered. In considering such applications, the workers' compensation judge should exercise care to prevent harassment of the claimant.

{10} Employer's argument in its brief-in-chief is that this statute unambiguously limits the six-month review right to employers, and therefore we are compelled to give effect to this meaning. *See Storey v. Univ. of N.M. Hosp.*, 105 N.M. 205, 207, 730 P.2d 1187, 1189 (1986) ("An unambiguous statute should be given effect according to its clear language."). Although we agree with Employer that the interpretation of Section 52–1–51(D) appears to be straightforward given its unambiguous language, we are mindful that our case law also recognizes that the plain meaning of the rule should be cautiously applied in the workers' compensation context. *Gutierrez v. City of Albuquerque*, 1998–NMSC–027, ¶ 23, n. 8, 125 N.M. 643, 964 P.2d 807. This is due to the noted imprecision of the Act. *Chavez v. Mountain States Constructors*, 1996–NMSC–070, ¶ 25, 122 N.M. 579, 929

P.2d 971. Accordingly, we construe Section 52–1–51(D) by giving great weight to its plain meaning, but we will look to the statute as a whole to consider the legislative purpose. *See Draper v. Mountain States Mut. Cas. Co.*, 116 N.M. 775, 777, 867 P.2d 1157, 1159 (1994) (stating court first looks to plain language of statute and also examines act in its entirety to construe legislative intent).

{11} The WCJ's departure from the plain language of the Act apparently flows from a perceived lack of fairness in that the Act does not give worker a reciprocal right to periodic examinations by an HCP of their choice. This Court addressed a similar argument in *Leo v. Cornucopia Rest.*, 118 N.M. 354, 360–62, 881 P.2d 714, 720–22 (Ct.App. 1994), where we read language into a pre-1993 amendment portion of the Act dealing with offers of judgment and consequent attorney's fees. Noting that the purpose of the statute was to promote settlement and that the legislature corrected the mistake with the 1993 amendments, this Court concluded that prior to 1993 the legislature had simply made a mistake in failing to provide an attorney's fee offset to situations involving a worker's offer of judgment but providing such an offset to an employer's offer of judgment. *Id.* at 362, 881 P.2d at 722.

{12} In contrast to *Leo*, neither the purpose of the Act nor subsequent legislative amendment is available as justification for departing from the plain statutory meaning here. If a worker is unhappy with the medical care he or she is receiving, the Act provides a mechanism for review under NMSA 1978, § 52–1–51(A) (Effective January 1, 1991), whereby the worker petitions the WCJ for an independent medical examination. In addition, limiting the right under Section 52–1–51(D) to employers makes sense as written because it appears to allow an employer some degree of control over the costs that are being rendered by a worker-selected HCP. This is similar to the degree of control given to employers under Section 52–1–49(B), which grants employers the right to choose who makes the initial selection of the HCP. If an employer chooses to make the initial selection and thereafter must defer to worker's HCP after sixty days, Section 52–1–51(D) then grants the employer some degree of control over cost and continuation of medical services. This degree of control is merely a slight retention of the much greater control that employers had over medical services prior to the 1990 amendments to the Act. *See Vargas v. City of Albuquerque*, 116 N.M. 664, 666–68, 866 P.2d 392, 394–96 (Ct. App.1993) (discussing amendments); *see generally Bowles v. Los Lunas Schs.*, 109 N.M. 100, 106–08, 781 P.2d 1178, 1184–86 (Ct.App. 1989) (discussing prior employer control over medical services and case law limits of this control).

## CONCLUSION

{13} In the absence of any indication that the legislature intended anything other than the plain meaning of Section 52–1–51(D) to apply, we conclude that the WCJ erred in ruling that Worker was entitled to an evaluation by Dr. Swajian pursuant to Section 52–1–51(D). Accordingly, we reverse.

{14} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE and IRA ROBINSON, Judges.