This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CHRISTOPHER R. MOYA,**

Worker-Appellant,

v.                                                                      NO. 34,349

**CITY OF ALBUQUERQUE,**

Employer-Appellee.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Terry S. Kramer, Workers' Compensation Judge**

Gerald A. Hanrahan
Albuquerque, NM

for Appellant

Hoffman Kelley Lopez, LLP
Phyllis Savage Lynn
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}     Worker filed a docketing statement, appealing from the workers' compensation

administration's IME order, entered on December 24, 2014. This Court issued a notice of proposed disposition, proposing to summarily dismiss the appeal for lack of a final order. Worker filed a timely memorandum in opposition (MIO). We have given due consideration to the memorandum in opposition, and, remaining unpersuaded, we dismiss the appeal for lack of a final order.

{2} In our notice of proposed disposition, we explained that, because Worker has not yet reached MMI and the new evaluation sought by Employer may result in a finding that Worker *has* now reached MMI, the workers' compensation IME order permitting the six-month evaluation is "intertwined with issues relating to benefits[.]" [CN 2–3] *See Murphy v. Strata Prod. Co.*, 2006-NMCA-008, ¶¶ 1, 15, 138 N.M. 809, 126 P.3d 1173 (holding that an order allowing a change in healthcare provider is not a final, appealable order when a claim for benefits is pending before the workers' compensation administration); *cf. Flores v. J.B. Henderson Constr.*, 2003-NMCA-116, ¶¶ 5, 7–8, 134 N.M. 364, 76 P.3d 1121 (holding that the workers' compensation judge's order allowing a periodic examination by a non-healthcare provider is final and appealable because the order fully disposed of all the issues before the workers' compensation judge). We therefore proposed to conclude that the IME order was not final and appealable because it could result in piecemeal appeals. [CN 3] *See Flores*, 2003-NMCA-116, ¶ 7.

{3} In his MIO, Worker responds that, at the time Employer filed its application for an independent medical examination (IME) of Worker and through the date when Worker filed his notice of appeal, no other matters were pending before the WCA. [MIO 1] Worker also clarifies that Employer withdrew its request for an IME and instead requested a periodic examination at the hearing. [MIO 1–2] Worker concludes that the IME order is a final, appealable order since no other matters are currently pending before the WCA. [MIO 2]

{4} As indicated above, we addressed Worker's argument in our notice of proposed disposition and concluded that the IME order was non-final because Worker has not yet reached MMI; the new evaluation may result in such a finding; and, thus, the order is "intertwined with issues relating to benefits[.]" [CN 2–3] *See Murphy*, 2006-NMCA-008, ¶¶ 1, 15; *Flores*, 2003-NMCA-116, ¶¶ 5, 7–8. In response, Worker quotes *City of Albuquerque v. Sanchez*, 1992-NMCA-038, ¶ 9, 113 N.M. 721, 832 P.2d 412 (stating that, when "the only proceedings before the WCA [a]re the proceedings concerning the change of health care providers[,]" the order is a final, appealable order), and argues that the IME order "is a final, appealable order, because no other matters are currently pending before the WCA." [MIO 2] Worker's reliance on *Sanchez* is misplaced in light of the reasons asserted above and in our notice of proposed disposition. [*See* CN 2–3] Indeed, the IME order is not a final, appealable

order because it does not resolve "the only proceedings before the WCA[.]" *See id.* Rather, whether Worker has now reached MMI and is therefore subject to a change in benefits is still pending before the WCA.

{5}     Worker additionally argues that the present case "is the mirror image" of *Flores* and requires a conclusion that the order is a final, appealable order [MIO 2] Worker contends that the cases are the same essentially because the procedural postures of the cases appear similar: in both cases, a resolution was entered awarding temporary total disability (TTD), and, in both cases, a request for a periodic examination, while no other matters appeared to be pending, triggered the argument that the order regarding the periodic examination was non-final. [*See* MIO 2–3] In *Flores*, we concluded that the order was a final and appealable order because the only pending issue was whether the worker could see the doctor. [MIO 3] *See* 2003-NMCA-116, ¶ 8. Worker argues that, since whether he can see the doctor identified by Employer is the only pending issue in the present case, and since we held that the order was final in *Flores*, we must hold that the IME order is final in this case as well. [MIO 3–4] We are unpersuaded.

{6}     The facts in *Flores* appear to be similar when examined superficially. However, upon a closer examination, the facts are distinguishable from those in the present case in key ways. In particular, in *Flores*, the parties entered into a stipulated recommended resolution whereby they agreed upon the worker's TTI, reserved other issues for later,

and "agreed that any future action would be commenced by the filing of a new complaint." *Id.* ¶ 3. Additionally, after the stipulated recommendation was filed, a notice of completion was filed, closing the case. *Id.* These facts formed the crux of our reasoning for determining that the order in that case was a final, appealable order. Indeed, we stated that the worker's argument that issues such as disability, impairment, and medical benefit had been reserved, thus rendering the order non-final, "overlooks the fact that this reservation contemplated that a new complaint would be filed in the event that Worker chose to pursue additional benefits in the future, and a notice of completion was filed[,] . . . closing the file in the case." *Id.* ¶ 8.

{7} Conversely, in the present case, the compensation order did not include a statement that any future action would be commenced by the filing of a new complaint [RP 143–48; *see also* RP 217–18 (order on remand)], and we have found no notice of completion, closing the present case. Additionally and importantly, in the application for the IME, Employer stated that the application was being filed because Worker had not yet reached MMI when he was last seen by Dr. Granados, that Dr. Granados predicted Worker would be at MMI within six months, and that Employer requests an IME to address whether Worker has now reached MMI. [RP 271] In other words, as we indicated above and in our notice of proposed disposition, Worker has not yet reached MMI and the new evaluation may result in such a finding, so the order is

5

"intertwined with issues relating to benefits[.]" [ CN 2–3] *See Murphy*, 2006-NMCA-008, ¶¶ 1, 15; *Flores*, 2003-NMCA-116, ¶¶ 5, 7–8. Because we seek to avoid piecemeal appeals, *see Flores*, 2003-NMCA-116, ¶ 7, we conclude that the IME order is a non-final order.

{8}    Thus, for the reasons stated in this opinion and set forth in this Court's notice of proposed disposition, we dismiss the appeal for lack of a final order.

{9}    **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**CYNTHIA A. FRY, Judge**