This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DANIEL DORADO AYALA,**

Worker-Appellee,

v.                                                                    **No. 33,974**

**TOP LINE MAINTENANCE,**

Employer-Appellee,

v.

**REPUBLIC UNDERWRITERS
INSURANCE COMPANY/FIRST
COMP INSURANCE COMPANY,**

Insurer-Appellant.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Shanon S. Riley, Workers' Compensation Judge**

Academy Compensation Clinic, P.C.
George Wright Weeth
Albuquerque, NM

for Worker-Appellee

Hoffman Kelley Lopez, LLP
Jeffrey L. Federspiel
Albuquerque, NM

for Employer-Appellee

Maestas & Suggett, P.C.
Paul Maestas
Albuquerque, NM

for Insurer-Appellant

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1} This is a workers' compensation case in which Employer's Insurer appeals from the Workers' Compensation Judge's (WCJ) conclusion that Worker is entitled to workers' compensation benefits for an accident which occurred in Tustin, California under the extra-territorial provision of NMSA 1978, Section 52-1-64 (2007) of the Workers' Compensation Act (WCA), NMSA 1978, §§ 52-1-1 to -70 (1929, as amended through 2016). We conclude that we have no jurisdiction to decide the appeal. We therefore dismiss the appeal.

**BACKGROUND**

{2} Worker's compensation complaint seeks temporary total disability benefits, permanent partial disability benefits, medical benefits, attorney fees, and pre-judgment and post-judgment interest as a result of an accidental work injury occurring on March 4, 2010, in Tustin, California. Employer's answer generally denies that Worker is

entitled to workers' compensation benefits. Insurer's answer also sets forth a general denial and raises affirmative defenses, which include that Worker was not hurt on the job; Worker is not disabled; Insurer did not authorize the healthcare provider; the statute of limitations bars weekly compensation benefits; a causal link between disability and accident has not been shown to a reasonable medical probability; and Worker is not entitled to any benefits under the WCA, because Worker's employment was not principally localized in New Mexico.

**{3}** The parties entered into a stipulated discovery order, approved by the (WCJ), which recited that the parties contemplated an order bifurcating the issues for trial, and that discovery would be "limited to matters relevant to the issues to be tried in the first stage of this litigation." Following a pre-trial conference, the WCJ filed an order bifurcating issues for trial in which it was ordered that the initial formal hearing "will be limited to the issue of the extra-territorial application of New Mexico law to the alleged accident of March 4, 2010, in Tustin, California[,]" and "[a]ll other issues raised by the [c]omplaint and the [a]nswers filed herein are deferred." A pre-trial order was then filed setting the case for a formal hearing. The order provides that the order bifurcating issues for trial remains in effect, that the formal hearing would be "limited to the issue of the extra-territorial application of New Mexico law to the accident of March 4, 2010, in Tustin, California," and that "[a]ll other issues raised by the

[c]omplaint and the [a]nswers filed herein are deferred." The contested issues were therefore limited to the extra-territorial jurisdictional question.

{4} Following the formal hearing and the submission of requested findings of fact and conclusions of law by the parties, the WCJ filed a compensation order determining that the Worker is entitled to benefits under the extra-territorial provisions of the WCA. However, the WCJ also concluded that the order bifurcating issues for trial "remains in effect" and "[a]ll other issues raised in the [c]omplaint and the [a]nswers filed herein are deferred."

{5} Insurer appeals from the foregoing compensation order. Issues remaining for resolution by the WCJ in this case include Worker's claims for temporary total disability benefits, permanent partial disability benefits, medical benefits, attorney fees, and pre-judgment and post-judgment interest as a result of the accidental work injury occurring on March 4, 2010, in Tustin, California. Based on the foregoing facts, this Court issued an order to show cause why the appeal should not be dismissed. Having received responses from the parties, we now dismiss the appeal. **ANALYSIS**

{6} This Court only has jurisdiction over appeals from final orders, and when it appears that an order appealed from is not final, we are required to raise the question on our own motion. *See Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844. WCA appeals are subject to the final order jurisdictional requirement.

4

*Kellewood v. BHP Minerals Int'l*, 1993-NMCA-148, ¶ 1, 116 N.M. 678, 866 P.2d 406. Generally, "an order or judgment is not considered final unless all issues of law and fact have been determined and the case [is] disposed of by the [district] court to the fullest extent possible." *Clinesmith v. Temmerman*, 2013-NMCA-024, ¶ 35, 298 P.3d 458 (internal quotation marks and citation omitted).

{7}  The order which Insurer seeks to appeal from is clearly not a final order. In *Kellewood*, the employer and insurer attempted to appeal from an order of the WCJ denying their objection to the worker's notice of change of health care provider while the worker's claim for compensation and medical benefits was still pending. 1993-NMCA-148, ¶ 1. In concluding that there was no final order, this Court said:

> In this case, the 'judgment' is the judge's order denying [the] objection to [the w]orker's notice of change of health care provider. The 'judgment' is interrelated to a determination on the merits of the underlying compensation claims. Here, the 'question remaining' to be decided is a determination of whether [the w]orker's injuries are causally related to his employment, and thus whether [the w]orker is entitled to compensation, including medical benefits. If [the w]orker is unable to prove a compensable injury, he will not be entitled to an award of medical benefits. In such an event, this Court's determination of the issue on appeal regarding the health care provider order would become irrelevant, unnecessary, and moot.

*Id.* ¶ 9. Here, the "judgment" is the order of the WCJ concluding that the accident is subject to the WCA under its provision providing for extra-territorial coverage. Just as in *Kellewood*, the "question remaining" is whether Worker is entitled to

5

compensation benefits. There is no final order before us, and we, therefore, have no jurisdiction to decide Insurer's appeal. *See Flores v. J.B. Henderson Constr.*, 2003-NMCA-116, ¶¶ 6-8, 134 N.M. 364, 76 P.3d 1121 (concluding that where the only issue before the WCJ was whether the worker was entitled to the same six-month periodic review that is statutorily granted to employers, the compensation order fully disposed of all the issues that were before the WCJ, which resulted in a final, appealable order); *City of Albuquerque v. Sanchez*, 1992-NMCA-038, ¶¶ 8-9, 113 N.M. 721, 832 P.2d 412 (concluding that where the only issue before the WCJ concerned a change of health care providers, the order that fully disposed of that issue

{8}     An exception to the finality requirement is the collateral order doctrine, the essence of which is "that the order sought to be reviewed implicates rights that will be irretrievably lost, absent immediate review[,] and regardless of the outcome of an appeal from the final judgment[.]" *Carrillo v. Rostro*, 1992-NMSC-054, ¶ 17, 114 N.M. 607, 845 P.2d 130. Insurer and Worker ask us to overlook the lack of a final order and review the appeal under the collateral order rule. We decline to do so for the following reasons.

{9}     First, no petition seeking a writ of error was ever filed, as required by Rule 12-503 NMRA for review of a non-final order under the collateral order doctrine. *See Carrillo*, 1992-NMSC-054, ¶ 32) ("prescribing the writ of error as the appropriate

means for invoking the collateral order doctrine"), *see also Breen v. N.M. Taxation & Revenue Dep't*, 2012 NMCA-101, ¶ 6, 287 P.3d 379 (noting that appellate review of the order was sought both by way of direct appeal and writ of error); *Williams v. Rio Rancho Pub. Sch.*, 2008-NMCA-150, ¶6, 145 N.M. 214, 195 P.3d 879,(noting that rather than appealing directly from the order in question, a petition for writ of error was filed).

{10}     Secondly, the collateral order doctrine is a disfavored doctrine, and its application has been severely limited to prevent piecemeal appeals becoming routine. *See Williams*, 2008-NMCA-150, ¶ 7. Accordingly, review is allowed under the collateral order doctrine only when three requirements are satisfied: "(1) the order must finally determine the disputed question; (2) it must concern an issue that is entirely separate from the merits of the claim; and (3) there must be no effective remedy by appeal." *Handmaker v. Henney*, 1999-NMSC-043, ¶ 9, 128 N.M. 328, 992 P.2d 879; *accord* Rule 12-503(E)(2). Here, the order of the WCJ concluding that the Worker is entitled to benefits under the extra-territorial provisions of the WCA is reviewable on direct appeal from any final compensation order awarding workers' compensation benefits following a trial on the merits. Therefore, the order fails to satisfy the third requirement, which lies at the heart of the collateral order doctrine. *Kellewood,* 1993-NMCA-148, ¶ 12.

**CONCLUSION**

{11}    We have no jurisdiction to decide this appeal because the order appealed from is not a final order. In addition, appellate review of the order is not permitted under the collateral order doctrine. Accordingly, the appeal is dismissed.

{12}    **IT IS SO ORDERED**.

_____
**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**J. MILES HANISEE, Judge**