2006-NMCA-008

126 P.3d 1173

**Mark B. MURPHY, Worker–Appellant,**

v.

**STRATA PRODUCTION COMPANY and New Mexico Mutual Casualty Company, Employer/Insurer–Appellees.**

No. 24,490.

Court of Appeals of New Mexico.

Nov. 30, 2005.

Gerald A. Hanrahan, Albuquerque, for Appellant.

Miller Stratvert P.A., Timothy R. Briggs, Kelsey D. Green, Albuquerque, for Appellees.

## OPINION

CASTILLO, J.

{1} In this opinion, we consider whether a limitation should be placed on the rule found in *Kellewood v. BHP Minerals International,* 116 N.M. 678, 679–81, 866 P.2d 406, 407–09 (Ct.App.1993), wherein we held that an order regarding a change of healthcare provider (HCP) is not a final, appealable order when a claim for benefits is pending before the Workers' Compensation Administration (WCA). Although we agree that there could be cases in which the filing of a complaint becomes a sham or a ruse enabling one party to engage in gamesmanship, this case does not present us with evidence to support such a finding. Nor does this case compel the imposition of the collateral order doctrine. Accordingly, we dismiss Worker's appeal without prejudice for lack of jurisdiction.

## I. BACKGROUND

{2} Mark Murphy (Worker), president and majority stockholder of Strata Production Company (Employer), was severely injured in a plane crash in May 2003. After he returned home, Dr. Shehzad Jinnah became Worker's designated primary treating physician. On September 17, 2003, New Mexico Mutual Casualty Company (Insurer) issued a notice of change of HCP to Dr. Barrie W. Ross. Worker filed his objection to notice of change (Objection) on September 24, 2003.

{3} Hearing on the Objection was held on October 17, 2003. The crux of Worker's argument was that the first choice of HCP was made by Employer/Insurer and that under NMSA 1978, § 52–1–49 (1990), Employer/Insurer therefore does not have the right to make a second choice and thereby change the treating physician to Dr. Ross. Worker's argument was based in part on his position that as president, chairman of the board, and majority stockholder of Strata Production

Company, he was acting as Employer when Dr. Jinnah was selected as the treating physician. Insurer disagreed with this characterization. Worker also objected to the introduction of a letter purporting to confirm that Worker had made the choice of the first HCP. Later in the proceedings, Worker's attorney discussed the apparent conflict of interest between Worker and Employer and requested that separate counsel be appointed for Employer. The Workers' Compensation Judge (WCJ) indicated that there would be a subsequent hearing regarding this request; this issue has been resolved and is not material to this appeal. The WCJ also asked for briefs on the issues of policy provisions and policy coverages. With respect to Worker's objection, the WCJ allowed the change of HCP to Dr. Ross, based on the determination that Worker did make the first choice of HCP.

{4} Between the oral ruling by the WCJ made at the hearing on October 17, 2003, and entry of the order filed on November 10, 2003, denying Worker's objection, Employer/Insurer filed a Workers' Compensation complaint. Worker appeals the decision of the WCJ.

## II. DISCUSSION

### A. APPELLATE RULES

{5} According to Rule 12–213(A)(3) NMRA, the brief in chief shall contain a summary of proceedings, which shall include references to the record proper, transcript of proceedings, or exhibits in support of the factual allegations set forth in the summary. Worker's brief in chief contains only a sprinkling of citations to a portion of the record and therefore does not comply with the rule. We request that Worker's counsel follow the rules in the future.

### B. JURISDICTION

{6} Before we consider Worker's issues on appeal, we must first determine if we have jurisdiction. Worker recognizes that *Kellewood* supports the dismissal of his appeal. 116 N.M. at 679–81, 866 P.2d at 407–09. Worker requests, however, that we distin-

guish or overturn *Kellewood* as being fundamentally unfair to WCA litigants; he also argues that the appeal should be allowed to proceed under the collateral order doctrine.

## 1. *KELLEWOOD*

{7} The bases for our holding in *Kellewood* are several: subject to certain exceptions, this Court has no jurisdiction to review nonfinal orders; piecemeal appeals are disfavored; fragmentation of issues is to be avoided; and the determination of issues in an underlying complaint could potentially alter, revise, or moot an HCP order. *Id.* at 680–81, 866 P.2d at 408–09. The only arguably relevant difference between the facts in *Kellewood* and those in this case is the timing of the filing of the complaint. In *Kellewood,* the worker's first complaint for benefits had been filed before the notice of HCP change was issued. *Id.* at 679, 866 P.2d at 407. In the instant case, however, Employer/Insurer filed its complaint after the WCJ had decided the issue but before entry of order allowing the change in HCP (HCP Order). Worker argues that the purpose of filing the complaint was to prevent an appeal of the WCJ's decision "and/or to prolong Insurer's control over medical treatment," that Insurer filed the complaint without Employer's knowledge or consent, and that the complaint was a "sham to improperly interfere with this appeal." Worker cites to NMSA 1978, § 52–5–18 (1989), and NMSA 1978, § 52–1–31(A) (1987), as statutes that prohibit him from filing a complaint against Employer/Insurer because he was receiving maximum benefits. Worker then argues that in order to apply the law fairly, Employer/Insurer should also be prohibited from filing a complaint in these circumstances.

{8} While we understand Worker's frustration, we have no record to support Worker's characterization of Employer/Insurer's action. Employer/Insurer's complaint indicates there are issues regarding the determination of compensability/benefits, determination of any credits or offsets owed, and determination of the issue as to whether separate counsel is necessary for Employer. As indicated earlier, the issue of separate counsel was resolved. As to the determination of benefits, NMSA 1978, § 52–1–28 (1987), sets forth the elements necessary to prove a compensable claim, and Employer/Insurer has the right to challenge claims. We observe that Worker attended the mediation conference held after the complaint was filed and, further, that the recommended resolution contains nothing indicating Worker objected to the filing of the complaint. Employer/Insurer rejected the recommended resolution and indicated, among other reasons, that it did not address the issues raised in the complaint. There is nothing in the record indicating Worker's position that the filing of the complaint was a sham or a ruse or was, for purposes of gamesmanship, to prevent appeal of the order.

{9} Had Worker filed a motion to strike the complaint for the reasons stated in his brief, the WCJ could have acted on the motion. Had the complaint been dismissed, there would have been no claim for benefits pending, and the Order would be a final, appealable order. *See City of Albuquerque v. Sanchez,* 113 N.M. 721, 724–25, 832 P.2d 412, 415–16 (Ct.App.1992) (holding that an order resolving a change-of-healthcare-provider proceeding is a final, appealable order when there was no claim for benefits pending before the WCA). If the complaint had not been dismissed, we would have had a record regarding the motion to review on appeal. *See Flores v. J.B. Henderson Constr.,* 2003–NMCA–116, ¶ 8, 134 N.M. 364, 76 P.3d 1121 (stating that the record supported the conclusion that the issue regarding medical care was the only issue pending and that the order thereon was therefore final and appealable under *Sanchez* ). Absent a record, we are left with the arguments in the briefs, and argument of counsel is not evidence. *See In re Application of Metro. Invs., Inc.,* 110 N.M. 436, 440–41, 796 P.2d 1132, 1136–37 (Ct.App. 1990).

## 2. COLLATERAL ORDER DOCTRINE

{10} Worker also maintains that certain of his rights will be irretrievably lost if he is not allowed an immediate appeal and that the collateral order doctrine is thus applicable to his case. "[T]he collateral order

doctrine ... is a narrow exception to the principle of finality that permits appellate review of orders implicat[ing] rights that will be irretrievably lost, absent immediate appeal and regardless of the outcome of an appeal from the final judgment." *Handmaker v. Henney*, 1999–NMSC–043, ¶ 9, 128 N.M. 328, 992 P.2d 879 (final alteration in original) (internal quotation marks and citations omitted). Worker lists decisions regarding temporary total disability, determination of maximum medical improvement, value of his permanent partial disability benefits, modifier benefits, causal connection, and need for additional medical treatment as determinations that are based on a physician's testimony. Worker asserts that absent immediate review of the HCP Order, his benefits will be adjusted based on the opinions of the Employer/Insurer's physician. Worker complains that absent immediate review, he will not have any other expert medical opinion to present as to his "current condition" and that he might not be able to have an independent medical examination.

{11} There are three conditions that, combined, serve as a guide when a court invokes the collateral order doctrine: the order (1) must conclusively determine a disputed issue (2) that is entirely separate from the merits of the action and (3) that would be effectively unreviewable on appeal from a final judgment. *Id.* ¶ 10; *Carrillo v. Rostro*, 114 N.M. 607, 613, 845 P.2d 130, 136 (1992). This argument has already been considered in *Kellewood* and was rejected because an order regarding HCP can be reviewed on appeal from the final compensation order. 116 N.M. at 681, 866 P.2d at 409.

{12} Our analysis here is similar to that in *Kellewood*. Although Worker focuses on the absence of other expert medical opinion as to his "current condition," Worker's core argument is that once Dr. Ross became Worker's treating physician, Insurer's physician then governed and controlled Worker's benefits. We disagree because Worker's benefits depend on the testimony that is provided at the hearings held on this issue. Dr. Jinnah is still considered an HCP for Worker; as such, he is allowed to testify about Worker's physical condition, treatment,

medical needs, and the like. *See* NMSA 1978, § 52–1–51(C) (2005). Worker is also concerned that he may not be entitled to an independent medical examination (IME). This depends on the facts of the case, and an IME is not automatically foreclosed by a change in HCP. *See* NMSA 1978, § 52–1–51(A) (1990) (amended 2005). If there is a dispute between HCPs (of which Dr. Jinnah is one) about a medical issue, an IME may be ordered. *See id.*; *Ramirez v. IBP Prepared Foods*, 2001–NMCA–036, ¶¶ 16–18, 130 N.M. 559, 28 P.3d 1100. Further, Worker still may change physicians if he can show that the treatment he is receiving is unreasonable. *See* § 52–1–49(F). We do not consider Worker's hypothetical cases to be similar to those based on the right to qualified immunity, a right that would be lost if the appealing party were required to provide a defense at trial before an appeal could be had. Accordingly, we determine that Worker's rights will not be irretrievably lost, since the issue of healthcare provider can be reviewed on appeal from the final compensation order. The collateral order doctrine does not apply to Worker's case.

{13} The second factor in the analysis requires that an order deal with an issue that is entirely separate from the merits of the action. *Carrillo*, 114 N.M. at 613, 845 P.2d at 136. Interestingly, Worker's arguments demonstrate how linked the issue of HCP is to the progress and final determination of a Workers' Compensation case; thus, these arguments also demonstrate that the HCP order is not entirely separate from the merits of the action. We need not address this factor because we have already decided that absence of the third factor prevents the applicability of the doctrine.

{14} Worker also argues that it would be fundamentally unfair to deny this appeal because doing so would force him to try to prove his claim with access only to an expert chosen by his adverse party. Worker's access to an expert is not so limited. As we have explained above, Dr. Jinnah is an HCP under Section 52–1–51(C) and, as such, may testify regarding the issues related to Worker's injury. There is also the possibility of an IME, depending on the facts of the case.

Section 52–1–51(A). We find Worker's argument without merit.

## III. CONCLUSION

{15} We hold that the order allowing change of HCP is not final and appealable; therefore, we dismiss this appeal without prejudice for lack of jurisdiction.

{16} **IT IS SO ORDERED**.

WECHSLER and ROBINSON, JJ., concur.