This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MARTIN TAFOYA,**

Worker-Appellant,

v.                                                                     **NO. 35,987**

**NALS APARTMENT HOMES, LLC**
**and FEDERAL INSURANCE COMPANY,**

Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Shanon Riley, Workers' Compensation Judge**

Narciso Garcia, Jr.
Albuquerque, NM

for Appellant

Evie Jilek
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}     Worker seeks to appeal from the WCA's order denying Worker's objection to

Employer/Insurer's selection of, and the change in, health care providers (HCPs). We issued a notice of proposed summary disposition, proposing to dismiss for lack of a final, appealable order. Worker has responded with a memorandum in opposition to our notice. We remain unpersuaded that the order is final and immediately appealable. We, therefore, dismiss.

{2}     Our notice relied on case law directly applicable to Worker's appeal, holding that "an order regarding a change of healthcare provider (HCP) is not a final, appealable order when a claim for benefits is pending before the Workers' Compensation Administration (WCA)." *Murphy v. Strata Prod. Co.*, 2006-NMCA-008, ¶ 1, 138 N.M. 809, 126 P.3d 1173 (citing *Kellewood v. BHP Minerals Int'l.*, 1993-NMCA-148, ¶¶ 5-11, 116 N.M. 678, 866 P.2d 406). In the current case, Worker filed the complaint for benefits long before the change in HCP, and the complaint is pending. [RP 1-2] We also explained that the collateral order doctrine does not apply such orders to permit immediate appeal because changes to HCPs can be reviewed on appeal from final compensation orders and rulings regarding HCPs are often intertwined with the progress and outcome of workers' compensation cases. *See Murphy*, 2006-NMCA-008, ¶¶ 12-13.

{3}     In response to our notice, Worker contends that we should decide the issues raised in his appeal because they involve substantial public interest, involve a

substantial right, and are capable of repetition, yet evading review. [MIO 1] Worker is referring to the standard we apply to determine whether to address an issue we may deem to be moot. [MIO 1] *See Howell v. Heim*, 1994-NMSC-103, ¶ 7, 118 N.M. 500, 882 P.2d 541. Worker seems to presume that because the same issue has been raised in different factual contexts, and we continue to dismiss for lack of finality, the issue evades review. Worker misunderstands. As our notice stated, rulings on HCPs can be changed throughout the proceedings, are intertwined with the merits and progress of the case, and can be reviewed on appeal after a final compensation order has been entered, which are some of the reasons why the collateral order doctrine does not apply to permit an immediate appeal. *See Murphy*, 2006-NMCA-008, ¶¶ 12-13.

{4}     Worker's memorandum in opposition does not persuade us that the order is final and appealable. If Worker wishes to pursue this matter further, we believe his remedy should be sought politically from the Legislature, which can authorize an immediate appeal in this context by statute.

{5}     For the reasons stated in our notice and in this opinion, we dismiss Worker's appeal for lack of a final, appealable order.

{6}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

3

_____
**JAMES J. WECHSLER, Judge**

_____
**M. MONICA ZAMORA, Judge**