This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LOUIS WIGLEY,**

Worker-Appellant,

**v.**                                                           **No. A-1-CA-36073**

**SEARS HOLDING CORPORATION and SEDGWICK CMS,**

Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION Leonard J. Padilla, Workers' Compensation Judge**

Michael J. Doyle
Los Lunas, NM

for Appellant

Allen, Shepherd, Lewis & Syra, P.A.
Jonathan Elms
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Worker seeks to appeal from the workers' compensation administration's compensation order, which resolves issues relating to Worker's right-shoulder injury.

[RP 174] We proposed summary dismissal for lack of a final order. Worker has filed a memorandum in opposition to our notice of proposed summary disposition. Unpersuaded, we dismiss for lack of a final order.

{2}     Our notice explained that while the compensation order resolved benefits relating to Worker's right-shoulder injury, it does not resolve claims relating to two allegedly related injuries—one to Worker's left shoulder and one for secondary mental impairment. [RP 82, 100-01, 116, 126, 175] Specifically, the compensation order provides that Worker is entitled to a psychological evaluation as well as an orthopedic evaluation of his left shoulder "for causation and possible treatment." [RP 177] Because of the outstanding evaluations and the potential impact on Worker's benefits, we proposed to dismiss for lack of a final order.

{3}     In response, Worker argues that the compensation order is final because it disposed of all issues between the parties and raised in the complaint. [MIO 1-2] We acknowledge that Worker's two allegedly related injuries were not specifically mentioned in the complaint. [RP 1-2] However, issues relating to the injuries were raised during the proceedings, [see RP 82] and Employer was unsuccessful in moving the workers' compensation judge to dismiss the claims. [RP 107-08, 111] It is well-settled that "the term 'finality[,]' is to be given a practical, rather than a technical, construction." *Kelly Inn No. 102, Inc. v. Kapnison*, 1992-NMSC-005, ¶ 15, 113 N.M.

231, 824 P.2d 1033. In other words, "to determine whether a judgment is final, the court must look to its substance and not its form." *Id.* Accordingly, we are unpersuaded by Worker's argument that all issues were fully resolved.

{4}     In light of our strong policy of avoiding piecemeal appeals, *see generally Murphy v. Strata Prod. Co.*, 2006-NMCA-008, ¶ 7, 138 N.M. 809, 126 P.3d 1173 (observing that "piecemeal appeals are disfavored; [and] fragmentation of issues is to be avoided"), we are of the opinion that it would be both inappropriate and imprudent to hear an immediate appeal from the compensation order at this time. To the extent that Worker is concerned that the outstanding evaluations may not result in any changes to the compensation order and he may lose his right to appeal, [MIO 3-6] we point out that the law of the case doctrine would apply to this Court's conclusion regarding finality. *See State ex rel. King v. UU Bar Ranch Ltd. P'ship*, 2009-NMSC-010, ¶ 21, 145 N.M. 769, 205 P.3d 816 (providing that "a decision by an appeals court on an issue of law made in one stage of a lawsuit becomes binding on subsequent trial courts as well as subsequent appeals courts during the course of that litigation). Hence, Worker is entitled to appeal once the issues arising from the related injuries have been resolved.

{5}     For the reasons set forth in our notice of proposed summary disposition and in this opinion, we dismiss.

{6}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____
**JONATHAN B. SUTIN, Judge**