This memorandum opinion was not selected for publication in the New Mexico Appellate Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ARTHUR ARGUEDAS, BARBARA ARGUEDAS AND HELEN BRANSFORD,**

    Plaintiffs-Appellants,

**v.**                                              **No. A-1-CA-35699**

**GARRETT SEAWRIGHT,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Berardinelli Law Firm
David J. Berardinelli
Santa Fe, NM

Fuqua Law & Policy, PC
Scott Fuqua
Santa Fe, NM

for Appellants

Guebert Bruckner Gentile P.C.
Terry R. Guebert
Albuquerque, NM

Miller Stratvert P.A.
Todd A. Schwarz
Albuquerque, NM

for Appellee

Brownstein Hyatt Farber Schreck, LLP
Harold D. Stratton, Jr.
Veronica C. Gonzales-Zamora
Albuquerque, NM

for Amicus Curiae Washington Legal Foundation

Modrall, Sperling, Roehl, Harris
& Sisk, P.A.
Jennifer G. Anderson
Albuquerque, NM

King & Spalding LLP
Ashley C. Parrish
Justin A. Torres
Washington, D.C.

for Amicus Curiae The Albuquerque Hispano Chamber
of Commerce, Association of Commerce and Industry
of New Mexico, Chamber of Commerce of the
United States of America

Allen Law Firm, LLC
Meena H. Allen
Albuquerque, NM

for Amicus Curiae Independent Insurance Agents of
New Mexico National Association of Mutual Insurance
Companies Washington Legal Foundation

**MEMORANDUM OPINION**

**ZAMORA, Chief Judge.**

{1}     Arthur Arguedas, Barbara Arguedas, and Helen Bransford (Plaintiffs) appeal

the district court's order granting Defendant Garrett Seawright's motion to dismiss

2

Plaintiffs' amended complaint (Amended Complaint) with prejudice. In this appeal, we are asked to consider whether NMSA 1978, Section 57-12-10(E) (2005) permits recovery of statutory damages by class members who have suffered no actual damages (non-injury class members). We hold that statutory damages are not properly recoverable under Section 57-12-10(E) for non-injury class members, and therefore, affirm the district court's dismissal of the class claims. We further hold that because Plaintiffs voluntarily dismissed their individual claims brought under Section 57-12-10(B), this Court lacks jurisdiction to review those claims.

**BACKGROUND**

{2}     Plaintiffs brought this putative class action on behalf of themselves and similarly situated State Farm Mutual Automobile Company (State Farm) policyholders under the New Mexico Unfair Practices Act (UPA), NMSA 1978, Sections 57-12-1 to -26 (1967, as amended through 2009), seeking $100 in statutory damages for every individual insured by State Farm in New Mexico who carried less than the liability coverage limits in uninsured motorist insurance between May 2004 and June 2011. Plaintiffs also alleged individual claims against Defendant seeking recovery of statutory damages pursuant to Section 57-12-10(B).

**{3}** Plaintiffs contend that between May 20, 2004 and June 12, 2011, all 479 licensed and appointed New Mexico State Farm insurance agents (Agents)[1] routinely conducted uninsured/underinsured motorist (UM) sales transactions using deceptive or unconscionable sales practices. The temporal boundaries of Plaintiffs' claims represent the time period between our Supreme Court's issuance of *Montano v. Allstate Indemnity Co.*, 2004-NMSC-020, ¶¶ 16-20, 135 N.M. 681, 92 P.3d 1255 (prospectively requiring disclosure of premium prices as part of every New Mexico UM sales transaction to enable insureds to make "knowing and intelligent" decisions about UM coverage), and its issuance some seven years later of separate opinions in two companion cases, *Progressive Northwestern Insurance Co. v. Weed Warrior Services*, 2010-NMSC-050, ¶ 15, 149 N.M. 157, 245 P.3d 1209 (holding that insurers must offer UM coverage in an amount equal to the liability limits of the policy), and *Jordan v. Allstate Insurance Co.*, 2010-NMSC-051, ¶¶ 2, 19, 149 N.M. 162, 245 P.3d 1214 (applying *Weed Warrior Services* and holding that a rejection of UM coverage is valid only if obtained in writing and made part of the policy delivered to the insured).

**{4}** Plaintiffs alleged that Agents violated the UPA in the time frame between *Montano*, *Jordan*, and *Weed Warrior Services* by failing to disclose the available

---

[1] While Plaintiffs treat this as a case against all 479 Agents, service of process was only effectuated upon Defendant Seawright. In this posture, we will refer to Defendant Seawright as the singular "defendant" for purposes of this opinion.

limits of UM coverage, pre-populating the UM Selection/Rejection Sales Forms, and advising consumers they did not need UM coverage, all claimed to be the result of the Agent's "knowing" and "uniform" efforts to "exploit the gullibility" of the asserted class members. To support these contentions, Plaintiffs broadly alleged that "every UM sales transaction conducted by [Defendant] between May 20, 2004 and June 12, 2011, . . . resulted in a total rejection of UM coverage or the purchase of less than equal limits UM coverage."

{5}    Prior to class certification, Defendant moved to dismiss Plaintiffs' individual and class claims, asserting under Rule 1-012(B)(6) NMRA that Plaintiffs failed to state a claim upon which relief could be granted because (1) Plaintiffs' individual UPA statutory damages claims are "legally infirm" in that Plaintiffs received an affirmative benefit from the coverage; and (2) Plaintiffs' UPA class claim is invalid because the "UPA specifically prohibits a class from recovering statutory damages." Plaintiffs responded that (1) they are not "better off" as a result of the coverage they received from State Farm, and (2) the UPA class remedy provided for in Section 57-12-10(E) would "become a nullity" unless it is read to allow unnamed, non-injury class members to recover statutory damages.

{6}    At the hearing on Defendant's dismissal motion, while discussing the viability of Plaintiff's individual claims, defense counsel suggested that Plaintiffs' objective was not to proceed on individual claims, but rather to occasion an

appellate level ruling on the class remedy issue. In announcing its ruling, the district court stated that the "Amended Complaint states a cause of action for a deceptive trade practice[,]" but that "there is not a right of class members, not-named class members, to recover statutory damages under the UPA." Recognizing that it did not appear that Plaintiffs' counsel wanted to try a case "for three people because nobody is going to be bound by it," the district court said to Plaintiffs' counsel, "I honestly don't know what you want me to do." Plaintiffs' counsel responded: "Without waiving anything that could be waived by asking you to do this, . . . I think in the interest of judicial economy, the [c]ourt should probably accept [defense counsel's] suggestion and dismiss the case." The district court proposed an order finding that "a claim has been stated that would show a deceptive trade practice. For practical purposes, that finding is meaningless without a finding that the class members are entitled to statutory damages. And [the district court] finds as a matter of law they are not entitled to statutory damages and, therefore, [is] dismissing the case." Both parties agreed to this procedural course.

{7} Within several days, Plaintiffs filed a motion for reconsideration and for leave to file a motion to amend the class complaint in which Plaintiffs, "upon reflection, and in light of additional research on the issue done since the hearing," asked the district court to dismiss only the UPA class claims and to allow Plaintiffs

6

to preserve and prosecute their individual UPA claims. On May 9, 2016, the district court entered an "Order *Granting in Part Motion to Dismiss*" (Original Order), stating as here relevant:

> Defendant Garrett Seawright's Motion to Dismiss Plaintiffs' Amended complaint is GRANTED in part and DENIED in part, as follows:
>
> The motion to dismiss Plaintiffs' individual claims against Defendant Seawright under the New Mexico Unfair Practices Act ("UPA"), NMSA (1978) ¶ 57-12-1, *et seq.*, is DENIED, as the Court finds that the facts alleged in Plaintiffs' Amended Complaint, taken as true for purposes of the motion to dismiss state a cause of action for a deceptive trade practice against Defendant Seawright.
>
> The motion to dismiss Plaintiffs' class claims **as stated in the current complaint**[sms]2 is GRANTED, as the Court finds as a matter of law that there is no right of class members to recover statutory damages under the UPA and the Amended Complaint specifically defines the class to exclude any individual or entity that suffered actual damages. All class claims asserted in Plaintiffs' Amended Complaint are accordingly dismissed with prejudice.
>
> As a result of the Court's rulings, Plaintiffs may proceed with their individual UPA claims against Defendant Seawright only. **Unless a motion to amend to state other types of class claims is granted,**[sms] There are no class claims and there are no claims against any other named defendants.
>
> All other pending motions are DENIED as moot.

**{8}** On that same date, Plaintiffs filed a reply brief on their pending motions for reconsideration and leave to amend, requesting the district court, were it to deny

---

2This opinion cites verbatim the Original Order. "SMS" appears to be the district judge's initials.

7

Plaintiffs' motion to amend, "to do as requested and dismiss all the claims asserted herein so that Plaintiffs may prosecute an immediate appeal on all the legal issues presented here[.]"

{9}     On May 12, 2016, the district court withdrew the Original Order and filed an amended order (Amended Order), stating in pertinent part:

> On May 9, 2016, the Court entered an Order reflecting its March 28, 2016 rulings. At the parties' request, the Court hereby WITHDRAWS its May 9, 016 Order and substitutes this Amended Order in its place.
>
> NOW THEREFORE, the motion to dismiss Plaintiffs' class claims is GRANTED, as the Court finds as a matter of law that there is no right of class members to recover statutory damages under the New Mexico Unfair Practices Act ("UPA"), NMSA (1978), Section 57-12-1, et. seq., and the Amended Complaint specifically defines the class to exclude any individual or entity that suffered actual damages. All class claims asserted in Plaintiffs Amended Complaint are accordingly dismissed with prejudice.
>
> In addition, while the Court finds that the facts alleged in Plaintiffs' Amended Complaint, taken as true for purposes of the motion to dismiss, state a cause of action for a deceptive trade practice against Defendant Seawright, Plaintiffs' counsel has advised the Court that it would be economically impractical to proceed only on Plaintiffs' individual UPA claims. Therefore, this Court finds that final dismissal of Plaintiffs' Amended Class Complaint with prejudice will best serve the interests of judicial economy in this case.
>
> IT IS THEREFORE ORDERED THAT Defendant Garrett Seawright's Motion to Dismiss Plaintiffs' Amended Complaint is GRANTED and Plaintiffs' Amended Class Complaint is hereby dismissed with prejudice.
>
> Any motion pending as of May 10, 2016 is DENIED as moot.

8

Plaintiffs now appeal.

## DISCUSSION

## I.       Standard of Review and Statutory Construction

**{10}**      We review rulings on Rule 1-012(B)(6) dismissal motions de novo. *Am. Fed'n of State, Cty. & Mun. Emps. Council 18 v. State*, 2013-NMCA-106, ¶ 6, 314 P.3d 674. When the issue involves an interpretation of statutory provisions, the question is also one of law, which we review de novo. *Id.*; *see State ex rel. Collier v. N.M. Livestock Bd.*, 2014-NMCA-010, ¶ 3, 316 P.3d 195 ("When our review of a motion to dismiss requires statutory construction, our review is de novo."); *Cooper v. Chevron U.S.A., Inc.*, 2002-NMSC-020, ¶ 16, 132 N.M. 382, 49 P.3d 61 ("The meaning of language used in a statute is a question of law that we review de novo."). "When interpreting statutes, our primary goal is to facilitate and promote the legislature's . . . purpose." *United Rentals Nw., Inc. v. Yearout Mech., Inc.*, 2010-NMSC-030, ¶ 17, 148 N.M. 426, 237 P.3d 61 (internal quotation marks and citation omitted)). In performing this task, "we presume that the Legislature intends the application of the words it uses." *Progressive Nw. v. Weed Warrior Servs.*, 2010-NMSC-050, ¶ 11. "The text of a statute or rule is the primary, essential source of its meaning[,]" NMSA 1978, § 12-2A-19 (1997), and the "most reliable indicator of legislative intent." *Stennis v. City of Santa Fe*, 2010-NMCA-108, ¶ 10, 149 N.M. 92, 244 P.3d 787; *see DeWitt v. Rent-A-Center, Inc.*, 2009-

9

NMSC-032, ¶ 29, 146 N.M. 453, 212 P.3d 341 ("The first and most obvious guide to statutory interpretation is the wording of the statutes themselves.").

{11}     Thus, "when a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *United Rentals*, 2010-NMSC-030, ¶ 9 (alteration, internal quotation marks, and citation omitted)). We "will not read into a statute . . . language which is not there, particularly if it makes sense as written." *Johnson v. N.M. Oil Conservation Comm'n*, 1999-NMSC-021, ¶ 27, 127 N.M. 120, 978 P.2d 327 (internal quotation marks and citation omitted). And we do not depart from the plain meaning of the statute's language unless it "would lead to absurdity." *State v. Maestas*, 2007-NMSC-001, ¶ 16, 140 N.M. 836, 149 P.3d 933.

{12}     Another tenet of statutory construction is relevant to our analysis here, i.e., that "[i]n interpreting a statute, we are guided by statutory sections which focus specifically on a particular subject, and we look only secondarily to more general references elsewhere within the same statute." *Pueblo of Picuris v. N.M. Energy, Minerals and Nat. Res. Dep't*, 2001-NMCA-084, ¶ 14, 131 N.M. 166, 33 P.3d 916. As this Court explained in *Pueblo of Picuris*,

> We indulge in the assumption that when the legislature has before it all sections of a statute at the same time, it intends to give equal weight to each section so as to produce a harmonious product free from internal contradictions and inconsistencies. In the absence of contrary evidence, we assume that the legislature used specific language for a reason, and that it had a purpose in preferring a specific

10

course of action with regard to a certain issue or *remedy*. This legislative preference supplants a more general, all-encompassing remedy found in the statute that is designed for a general problem or issue.

*Id.* (Citations omitted and emphasis added.)

## II.     The Relevant UPA Provisions

**{13}**     The UPA makes unlawful "[u]nfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce[.]" NMSA 1978, § 57-12-3 (1971). As remedial legislation,  the UPA is to be "interpret[ed] … liberally to facilitate and accomplish its purposes and intent." *Quynh Truong v. Allstate Ins. Co.*, 2010-NMSC-009, ¶ 30, 147 N.M. 583, 227 P.3d 73 (internal quotation marks and citation omitted).

**{14}**     UPA Section 57-12-10 sets forth the private remedies available under the statute. Section 57-12-10(B) provides a cause of action for money damages, stating in pertinent part:

> Any person who suffers any loss of money or property, real or personal, as a result of any employment by another person of a method, act or practice declared unlawful by the [UPA] may bring an action to recover actual damages or the sum of one hundred dollars ($100), whichever is greater.

Section 57-12-10(E) governs the recovery of money damages in UPA class actions, and reads as follows:

> In any class action filed under this section, the court may award damages to the named plaintiffs as provided in Subsection B of this section and may award members of the class *such actual damages as*

11

*were suffered by each member of the class* as a result of the unlawful method, act or practice.

(Emphasis added.) Additionally, the UPA requires courts to "award attorney fees and costs to the party complaining of an unfair or deceptive trade practice . . . if the party prevails." § 57-12-10(C).

**III.    The District Court Correctly Dismissed Plaintiffs' Class Claims**

{15}    In assigning error to the district court's dismissal of their UPA class claims, Plaintiffs argue that they are entitled, as a matter of law, to statutory damages under Subsection (E) of Section 57-12-10, whose terms, as indicated, govern class actions filed under the UPA and limit class action plaintiffs to the recovery of "such *actual damages* as were suffered by each member of the class as a result of the unlawful method, act or practice." (emphasis added). Plaintiffs attempt to overcome their own designation of the putative class as excluding anyone who suffered actual damages by urging us to read Section 57-12-10(E) in tandem with Subsection (B) of the statute, made applicable to UPA actions generally, which authorizes the recovery of the greater of actual *or* statutory damages. Specifically, Plaintiffs argue that "[i]n light of the longstanding New Mexico rule liberally interpreting Section 57-12-10(B) to allow a statutory damages award to any plaintiff even in the absence of any evidence of actual damages, Section 57-12-10(B) and (E) must be read together, and liberally interpreted, to resolve any conflict between them in favor of broadening the class remedy under Section 57-

12

12-10(E) to include the same right to an award of statutory damages to the absent class members regardless of any evidence of actual damages." Additionally, Plaintiffs go beyond their broad interpretation of Section 57-12-19(E) by maintaining that the district court's ruling giving effect to Section 57-12-10(E)'s plain language constitutes a violation of equal protection— apparently questioning the rational basis for dissimilar and "discriminatory" treatment under Section 57-12-10(E) based on party status. We disagree on both counts.

**A.     Section 57-12-10(E) Forecloses Plaintiffs' Class Claims**

{16}     The text of Section 57-12-10(E) expressly and unambiguously limits damages in class actions to "such actual damages as were suffered by each member of the class." The phrase "*actual damages* is synonymous with compensatory damages . . . and both mean expenses which are the natural and reasonable result of an injury or loss." *Behrmann v. Phototron Corp.*, 1990-NMSC-073, ¶ 24, 110 N.M. 323, 795 P.2d 1015 (construing damages provision of New Mexico's Human Rights Act, NMSA 1978, § 28-1-13 (internal citation omitted)). Plaintiffs have not alleged actual damages—on behalf of themselves or the putative class. To the contrary, they have taken pains to define the class to exclude anyone who has suffered actual damages. While the text of Section 57-12-10(E) itself forecloses any entitlement to statutory damages on behalf of the putative class, we have previously acknowledged this construction in a decision addressing an order

13

denying class certification on UPA claims. *See Brooks v. Norwest Corp.*, 2004-NMCA-134, ¶¶ 38, 45, 136 N.M. 599, 103 P.3d 39 (citing § 57-12-10(B) and (E) as "limiting the award for unnamed plaintiffs in a class action to actual damages, while allowing named plaintiffs to collect statutory and treble damages"; citing § 57-12-10(E) as "limiting the recovery of statutory and treble damages in class action to named plaintiffs"; and explaining that "any relief realized by class members is limited to actual damages; they are barred from collecting statutory or treble damages").

{17}     Plaintiffs provide no sound justification for departing from the language the legislature chose to use in Section 57-12-10(E), which we assume they intended and which makes sense as written. *Weed Warrior*, 2010-NMSC-050, ¶ 11; *Johnson*, 1999-NMSC-021, ¶ 27. To the extent Plaintiffs contend that we must ignore the legislature's chosen language based on statements in *Page & Wirtz Construction Co. v. Solomon*, 1990-NMSC-063, 110 N.M. 206, 794 P.2d 349, and *Lohman v. Daimler-Chrysler Corp.*, 2007-NMCA-100, 142 N.M. 437, 166 P.3d 1091, we are not persuaded. Of these two cases, only *Lohman* involved a putative class action, and the analysis in both *Lohman* and *Page & Wirtz* focused on interpreting Section 57-12-10(B), and not Section 57-12-10(E).

{18}     Nor does Plaintiffs' reliance on the UPA's "remedial purpose" justify an interpretation of Section 57-12-10(E) that allows recovery of statutory damages by

14

class members, a construction contrary to both the express limitation stated in the legislature's chosen words, *see Kreutzer v. Aldo Leopold High Sch.*, 2018-NMCA-005, ¶ 51, 409 P.3d 930 (explaining that, even assuming a statute has a remedial purpose, "judicial directives to read [statutory provisions] broadly cannot be understood to authorize or require an interpretation that exceeds the boundaries of legislative intent"), and the presumption that the Legislature chose the language and formulated the structure of the statute carefully and for a reason, with "a purpose in preferring a specific course of action with regard to a certain issue or remedy[,]" *see Pueblo of* Picuris, 2001-NMCA-084, ¶ 14, here, requiring class members to show actual harm as a precondition to recovering statutory damages. In short, we may not, under the guise of judicial interpretation, rewrite Section 57-12-10(E) to excise the clear and unambiguous damage limitation provision contained therein, for to do so would impermissibly usurp the Legislature's province. *See M.D.R. v. State ex rel. Human Servs. Dep't*, 1992-NMCA-082, ¶¶ 12-13, 114 N.M. 187, 836 P.2d 106 (stating that courts should "read the relevant statutes in a manner that facilitates their operation and the achievement of their goals"; that "it is not the function of the court of appeals to legislate"; and that "[c]orrection of whatever inequity" may be caused by a statute is best left to the Legislature (alterations, internal quotation marks, and citation omitted)).

15

{19}     Contrary to Plaintiffs' contention, giving effect to the damage limitation as written in Section 51-12-10(E) does not make it "literally impossible to bring a UPA claim when it is most needed[.]" In *Brooks*, we rejected the plaintiffs' parallel argument that "their claims are too small to justify the cost of individual actions so there is no other practical alternative to litigate their claims" other than in a class action." 2004-NMCA-134, ¶ 45. We explained that "[t]heirs is the very type of claim the legislature envisioned when it enacted the UPA[,]" emphasizing that "Plaintiffs' argument concerning the prohibitive cost of bringing individual suits is belied by the fact that the UPA awards attorney fees and costs to a successful litigant" and that "[w]here plaintiffs establish that the deceptive or unconscionable trade practice was willful, they may collect treble actual or statutory damages, whichever is greater." *Id.*

{20}     The district court properly dismissed Plaintiffs' class claims with prejudice on the ground that the Amended Complaint specifically defines the class to exclude any individual or entity that suffered actual damages and the UPA affords no right of class members to recover statutory damages.

**B.     Plaintiffs Did Not Preserve an Equal Protection Claim**

{21}     Plaintiffs' equal protection argument, as we understand it, is that Sections 57-12-10(B) and (E), "read literally and consistently together," provide no private remedy for damages in favor of anyone, whether individuals or class members,

16

*unless* the named plaintiff can show a 'loss of money or property[,]" but that as a result of our Supreme Court's holding in *Page & Wirtz*, 1990-NMSC-063, "proof of economic loss  [is] no longer required under Section 57-12-10(B)" and "there [is] no longer any rational basis for discriminatory treatment of class members under Section 57-12-10(E) based solely on their party status." We agree with Defendant that Plaintiffs failed to preserve their constitutional argument for our review.

{22}    "To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked." Rule 12-321(A) NMRA (2016); *see Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 56, 146 N.M. 853, 215 P.3d 791 (discussing preservation requirement and reasons therefor). Absent "citation to the record or any obvious preservation, we will not consider the issue." *Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273. Plaintiffs would have us conclude that this requirement was satisfied by the "undisputed and self evident . . . fact that the trial court's literal interpretation of Section 57-12-10(E), as urged by Defendant[], created a class of similarly situated persons who are treated dissimilarly . . .," and that neither Defendant nor the district court "articulate[d] any rational basis for this discriminatory interpretation." "Even a constitutional claim must be properly raised in order to preserve error for review upon appeal."

17

*State v. Muise*, 1985-NMCA-090, ¶ 13, 103 N.M. 382, 707 P.2d 1192. Plaintiffs have cited no authority which could be said to dispense with the preservation requirement in situations involving what they loosely describe as "self-evident" error. *See generally In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (observing that if an appellant fails to cite supporting authority, the appellate courts will assume there is none). Even if the issue had been adequately preserved, statutes are presumed to be constitutional, as Defendant notes, and Plaintiffs have not developed an argument sufficient to satisfy their burden to overcome this presumption.

**IV.    The District Court's Dismissal of the Individual Claims Is Not Appealable**

**{23}**    Our jurisdiction is "limited to appeals from final judgments, interlocutory orders which practically dispose of the merits of an action, and final orders after entry of judgment which affect substantial rights." *Thornton v. Gamble*, 1984-NMCA-093, ¶ 6, 101 N.M. 764, 688 P.2d 1268. "[T]he statutes limiting our jurisdiction to final judgments express a policy avoiding piece-meal appellate review of interlocutory decisions." *Id.* 1984-NMCA-093, ¶ 7; *see Murphy v. Strata Prod. Co.*, 2006-NMCA-008, ¶ 7, 138 N.M. 809, 126 P.3d 1173 (observing that "piecemeal appeals are disfavored" and that "fragmentation of issues is to be avoided"). "The general rule in New Mexico for determining the finality of a judgment is that an order or judgment is not considered final unless all issues of

18

law and fact have been determined and the case disposed of by the trial court to the fullest extent possible." *Kelly Inn No. 102, Inc. v. Kapnison*, 1992-NMSC-005, ¶ 14, 113 N.M. 231, 824 P.2d 1033. "The extent of a court's appellate jurisdiction is a question of law, which we review de novo." *City of Las Cruces v. Sanchez*, 2007-NMSC-042, ¶ 7, 142 N.M. 243, 164 P.3d 942. Whether an order is appealable also presents a question of law that we review de novo. *Kysar v. BP Am. Prod. Co.*, 2012-NMCA-036, ¶ 11, 273 P.3d 867.

**{24}** In dismissing Plaintiffs' Amended Class Complaint with prejudice, the Amended Order addressed Plaintiffs' individual UPA claims as follows:

> In addition, while the Court finds that the facts alleged in Plaintiffs' Amended Complaint, taken as true for purposes of the motion to dismiss, state a cause of action for a deceptive trade practice against Defendant Seawright, Plaintiffs' counsel has advised the Court that it would be economically impractical to proceed only on Plaintiffs' individual UPA claims. Therefore, this Court finds that final dismissal of Plaintiffs' Amended Class Complaint with prejudice will best serve the interests of judicial economy in this case.

**{25}** The Amended Order makes clear that the district court dismissed the individual claims, not for failure to state a claim, but only because Plaintiffs' counsel "advised that it would be economically impractical to proceed only on Plaintiffs' individual UPA claims." The record shows that, although they did not voluntarily consent to dismissal of the class claims, Plaintiffs did voluntarily consent to entry of the Amended Order dismissing the individual claims, and this

19

despite the district court's conclusion that Plaintiffs' allegations stated a cause of action on the individual UPA claims.

**{26}** New Mexico adheres to the general rule that a judgment by consent is not appealable. *Kysar*, 2012-NMCA-036, ¶ 17; *see Rancho del Villacito Condos. v. Weisfeld*, 1995-NMSC-076, ¶ 16, 121 N.M. 52, 908 P.2d 745 (holding that plaintiff could not appeal from his voluntary dismissal because "[t]o hold otherwise would be to allow plaintiffs to bring piecemeal appeals and to test alternative theories in the appellate courts at the expense of the defendant"); *Gallup Trading Co. v. Michaels*, 1974-NMSC-048, ¶¶ 4-5, 86 N.M. 304, 523 P.2d 548 (appellant "lost his right to appeal" by acquiescing in summary judgment).

**{27}** In *Kysar*, this Court recognized an exception to the general rule prohibiting an appeal from a consented-to judgment in a case in which plaintiffs entered into a stipulated order granting a directed verdict in favor of the defendant, where the parties expressly reserved the right to challenge the rulings on appeal. 2012-NMCA-036, ¶¶ 9, 11, 17. For the exception to apply, the following conditions must be met:

> (1)    rulings are made by the district court, which the parties agree are dispositive;

> (2)    a reservation of the right to challenge those rulings on appeal;

> (3)    a stipulation to entry of judgment; and

> (4)    approval of the stipulation by the district court.

2012-NMCA-036, ¶ 17.

{28} The Amended Order does not contain a reservation of the right to challenge the district court's ruling on the individual claims. Accordingly, there was no "conditional" stipulation. And the district court's mere statement that it dismissed the individual claims, not on the merits but rather to "serve the interests of judicial economy[,]" does not, without more, suffice to create a final appealable judgment as to the individual claims. Accordingly, this Court lacks appellate jurisdiction over Plaintiffs' individual claims.

**CONCLUSION**

{29} We affirm the district court's order dismissing Plaintiffs' amended complaint with prejudice.

{30} **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Chief Judge**

**WE CONCUR:**


_____
**LINDA M. VANZI, Judge**


_____
**J. MILES HANISEE, Judge**

21