This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-37566**

**MARK GUTIERREZ,**

      Worker-Appellant,

v.

**CAST & CREW ENTERTAINMENT SERVICES INC. and ZURICH AMERICAN INSURANCE COMPANY,**

      Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Reginald Woodard, Workers' Compensation Judge**

David S. Proffit
Albuquerque, NM

for Appellant

Lynn & Associates, LLC
Phyllis Savage Lynn
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}**    Mark Gutierrez (Worker) appeals from the Worker's Compensation Judge's (WCJ) order finding that he selected the initial health care provider (HCP) and the WCJ's final workers' compensation order adjudicating his claims for benefits. Worker argues, among other things, that his employer did not timely communicate its decision regarding the initial selection of HCP, and as a result, the WCJ erred in concluding that Worker made the initial selection in this case. This error, Worker argues, allowed his

employer to improperly select the second HCP and prevented Worker from obtaining an impairment rating from his choice of HCP prior to the formal hearing. We agree and therefore reverse and remand.

**BACKGROUND**

**{2}**     While working as a prop builder on the set of the television show *Longmire* on April 16, 2016, Worker suffered a work-related injury to his right shoulder. Worker notified Cast & Crew Entertainment Services, Inc. (Employer) of the injury on the same day. Worker received treatment from Dr. Carl Gilmore, who met with Worker on June 14, 2016. On July 5, 2016—eighty-one days after the injury—Zurich American Insurance Co. (Insurer) sent a letter to Worker stating that Employer/Insurer had decided to allow Worker to select the initial HCP pursuant to NMSA 1978, Section 52-1-49(B) (1990). Worker continued treating with Dr. Gilmore, who performed surgery on Worker's shoulder on August 17, 2016.

**{3}**     Worker filed a complaint for workers' compensation benefits on March 27, 2017. On June 13, 2017, Worker returned to see Dr. Gilmore, who referred Worker to Dr. Miguel Pupiales for a functional capacity evaluation and an impairment rating. However, on July 11, 2017—before Worker could see Dr. Pupiales—Employer/Insurer issued a notice of change of HCP stating that Employer/Insurer was changing Worker's HCP from Dr. Gilmore to Dr. Paul Legant. Worker filed an objection to the notice of change, but in the HCP order dated July 27, 2017, the WCJ found and concluded that: (1) Employer/Insurer's HCP letter complied with 11.4.4.12(B) NMAC; (2) Worker made the initial HCP selection of Dr. Gilmore; (3) Employer/Insurer properly changed Worker's HCP to Dr. Legant; and (4) Worker was "to submit to an examination by Dr. Legant." Dr. Legant reviewed Worker's medical records, met with Worker, and issued a report dated November 6, 2017. In preparation for a hearing on the merits of Worker's complaint, the parties signed a pretrial order in which they stipulated that Dr. Legant was an authorized HCP. The WCJ held a formal hearing on July 9, 2018, at which Worker introduced testimony and medical records from Dr. Legant. Following the formal hearing, the WCJ issued a workers' compensation order, adjudicating Worker's benefits, and Worker now appeals.

**DISCUSSION**

**{4}**     Worker contends that Employer/Insurer failed to provide written notice of its decision regarding the initial HCP selection within a reasonable period of time, as required by Section 52-1-49(B), and asks us to conclude that Employer/Insurer made the initial HCP selection. *See Howell v. Marto Elec.*, 2006-NMCA-154, ¶ 20, 140 N.M. 737, 148 P.3d 823 (holding that once an employer has notice of a worker's accident, Section 52-1-49(B) requires the employer to make a decision regarding which party would select the initial HCP and communicate its decision to the worker within a reasonable amount of time). "We review the WCJ's application of the law to the facts de novo." *Leonard v. Payday Prof'l*, 2007-NMCA-128, ¶ 10, 142 N.M. 605, 168 P.3d 177.

**{5}** Employer/Insurer initially argues that Worker failed to preserve his objection to the HCP issue because he did not contest the matter at the formal hearing. Worker, however, preserved this issue by filing a written objection to Employer/Insurer's notice of HCP change, in which he asked the WCJ to enter an order "designating Dr. Gilmore as the initial HCP selected by Employer/Insurer" and "confirming that Worker has the right to select his [second] authorized HCP[.]" The WCJ ruled on Worker's objections in the HCP order. Because that order was non-final while Worker's claim for benefits was pending, Worker properly and timely appealed the WCJ's HCP decision following the entry of the compensation order after the formal hearing. *See Murphy v. Strata Prod. Co.*, 2006-NMCA-008, ¶ 1, 138 N.M. 809, 126 P.3d 1173 ("[A]n order regarding a change of healthcare provider (HCP) is not a final, appealable order when a claim for benefits is pending before the Workers' Compensation Administration (WCA)."); Rule 12-321 NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked.").

**{6}** Turning to Worker's argument that Employer/Insurer made the initial HCP selection in this case, "Section 52-1-49(B) provides that the employer has the first opportunity either to select the initial HCP or to allow the worker to select [a] HCP of his or her choice." *Howell*, 2006-NMCA-154, ¶ 14. "Sixty days thereafter, the party who did not select the initial HCP has an opportunity to select a second HCP." *Id.* (citing Section 52-1-49(C)). In *Howell*, we stated that an employer has a duty to "make a decision regarding which party would select the initial HCP . . . [and] communicate its decision to [the w]orker within a reasonable amount of time." 2006-NMCA-154, ¶ 20. If the employer does not give written notice of its HCP decision within a reasonable time, the first non-emergency HCP treating the worker must be considered the initial selection of the employer under Section 52-1-49(B). *See Silva v. Denco Sales Co., Inc.*, 2020-NMCA-012, ¶¶ 23-24, 456 P.3d 1117.

**{7}** "[T]o determine whether a HCP notice was sent in a reasonable period of time, we consider how long the employer waited to notify the worker of its HCP decision after receiving notice of the worker's injury, and whether and to what extent the employer establishes facts justifying additional delay." *Id.* ¶ 18. In *Howell*, we held that eight weeks was not a reasonable amount of time in which to give notice under the circumstances of that case. 2006-NMCA-154, ¶ 23. In *Silva*, we held that twenty-seven days was not reasonable under the circumstances of that case. 2020-NMCA-012, ¶ 21. Here, Employer/Insurer issued its HCP notice more than eleven weeks after receiving notice of worker's accident. During the proceedings below, Employer/Insurer stated that it sent the HCP notice after the case was reassigned to a new adjuster on July 3, 2016, who realized the letter had not been sent yet. Employer/Insurer has not argued, either below or on appeal, that the eleven-week delay was necessary or reasonable under the circumstances. We therefore conclude that Employer/Insurer did not comply with the notice requirements of Section 52-1-49(B) and 11.4.4.12(B)(2)(a) NMAC, and that the

first non-emergency HCP treating worker, Dr. Gilmore, is Employer/Insurer's initial selection of HCP.[1] *See Silva*, 2020-NMCA-012, ¶¶ 23-24.

{8}     Because we conclude that Employer/Insurer made the initial selection of HCP in this case, Worker retained the right of second selection pursuant to Section 52-1-49(C) ("After the expiration of the initial sixty-day period set forth in Subsection B of this section, the party who did not make the initial selection may select a health care provider of his choice."). Consequently, the WCJ erred in upholding Employer/Insurer's notice of change of HCP and allowing Employer/Insurer to redirect Worker's care to a different provider fifteen months after Worker's injury. As a result of that error, Worker was denied the ability to obtain an impairment rating from either Dr. Pupiales, who was an authorized HCP pursuant to the referral from Dr. Gilmore, *see* 11.4.4.12(C)(1) NMAC (stating that "[a] referral by an authorized HCP to another HCP shall be deemed a continuation of the selection of the referring HCP"), or Worker's own choice of HCP. Instead, Worker was redirected to Dr. Legant. As a result of the WCJ's HCP ruling and its corresponding denial of Worker's request to obtain an impairment rating from Dr. Pupiales, Dr. Legant's testimony was the only testimony available to Worker to establish his claim for disability benefits at the formal hearing. *See* NMSA 1978, § 52-1-51(C) (2013) ("Only a health care provider who has treated the worker pursuant to Section 52-1-49 . . . or the health care provider providing the independent medical examination pursuant to this section may offer testimony at any workers' compensation hearing concerning the particular injury in question."). For this reason, we reject Employer/Insurer's suggestion that the HCP issue is rendered moot simply because Worker, with no other option, introduced Dr. Legant's testimony to establish his claim for benefits. Likewise, we reject Worker's argument that Dr. Pupiales should have been permitted to provide expert testimony when Dr. Pupiales never saw or treated Worker. *See* § 52-1-51(C); *Grine v. Peabody Nat. Res.*, 2006-NMSC-031, ¶¶ 25-26, 140 N.M. 30, 139 P.3d 190 (holding that a doctor who conducted a ten-minute consultation with the worker did not qualify as a treating physician within the meaning of Section 52-1-51(C) and his testimony was therefore inadmissible).

{9}     Based on the foregoing, the WCJ erred as a matter of law in finding that Worker made the initial selection of HCP and in concluding that Employer/Insurer was allowed to change Worker's HCP to Dr. Legant. We reverse the WCJ's July 27, 2017 HCP order and, because the error flowing from that order affected Worker's ability to present evidence at the formal hearing, we vacate the WCJ's July 25, 2018 worker's compensation order and remand the case for further proceedings consistent with this opinion.

{10}     Because we remand for redisposition, we do not address Worker's remaining argument that the WCJ's findings regarding Worker's residual physical capacity modifier were erroneous.

---

[1]Given our conclusion that Employer/Insurer failed to provide timely notice of its HCP decision, we do not reach the issue of whether 11.4.4.12(B)(2)(b) NMAC is valid and enforceable. *See Silva*, 2020-NMCA-012, ¶ 25.

**CONCLUSION**

**{11}** We reverse and remand for further proceedings consistent with this opinion.

**{12}  IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**BRIANA H. ZAMORA, Judge**